IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| PAUL DESAI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-4036-CV-C-NKL |
| ) | |
| TRAFALGAR INSURANCE CO., LTD., ) | |
| et al., ) | |
| ) | |
| Defendants. | |

**ORDER**

On April 29, 2005, this Court entered default judgment against Defendants Daniel Peterson and Brianna Peterson (the "Petersons"). The Court issues this written Order to explain the reasons for its decision.

The history of this case reveals that the Petersons have consistently failed to defend against the Plaintiff's claims and to comply with the Court's orders. On August 18, 2004, the Court scheduled a telephone conference regarding a motion to dismiss, to take place on September 2, 2004. The Court directed the Defendants to provide the Court with a number where they could be reached for the conference. (Minute Entry, [Doc. 25].) The Petersons failed to contact the Court as directed. (Minute Entry [Doc. 26].)

On January 25, 2005, Plaintiff filed a Motion for Summary Judgment. The Defendants filed an untimely Suggestions in Opposition, claiming that they had "been searching for months for legal counsel in Missouri with no success," and requesting an

1

extension of time to obtain counsel. (Doc. 59, p. 4.) The Court denied that request, finding that the Defendants had enjoyed ample opportunity to obtain counsel. (Doc. 60.) Nevertheless, the Court denied the Plaintiff's Motion for Summary Judgment, finding that the existence of material factual disputes that would need to be resolved by a jury. (Doc. 61.)

On April 29, 2005, the Court held the Pretrial Conference in this case. Despite the fact that the parties had over nine months' notice of the Pretrial Conference (see July 28, 2004, Scheduling Order [Doc. 23]), the Defendants were not in attendance, nor did they notify the Court that they would not be in attendance. After noting the Defendants' repeated failure to defend against this lawsuit and to comply with the Court's orders, the Court granted default judgment in favor of the Plaintiff.

Default judgment is appropriate for failure to appear at a Pretrial Conference where, as here, the defendants' conduct constitutes willful violations of court rules and intentional delays. In *McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970), the Fifth Circuit upheld the district court's decision to grant default judgment for failure to attend a pretrial conference. In 1996, the Eighth Circuit cited *McGrady* with approval and upheld an entry of default that was entered against pro se defendants, in part because the defendants failed to attend the pretrial/settlement conference. The Eighth Circuit stated as follows:

> The [appellants'] . . . conduct included complete failure to respond to the magistrate judge's discovery order and other orders, failure to comply with pretrial requirements, and failure to attend the final pretrial/settlement conference; these actions are certainly grounds for default judgment. *See,*

2

> *e.g., Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir.1993) (default appropriate for failure to comply with numerous court orders and discovery requests); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 918 (3d Cir.1992) (failure to comply with court order to obtain substitute counsel, file a pretrial memorandum and respond to discovery); *McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970) (failure to appear at pretrial conference).

*Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996).

The Court understands that the Petersons are pro se defendants. However, the Petersons are nevertheless responsible for complying with the Court's orders. Furthermore, the Petersons have had ample notice of the consequences of failing to comply with the Court's orders: on December 21, 2004, the Court granted default judgment against the Petersons' co-defendants, who had engaged in similar dilatory behavior. While the Court certainly does not impute the co-defendants' behavior to the Petersons, the Court notes that the Petersons were well-aware of the importance of following the Court's orders. The Court concludes that the Petersons' failure to follow those orders was intentional and that the Petersons have no intention of asserting a defense in this Court.

At the Pretrial Conference, the Plaintiff represented to the Court that he would present the same evidence that he presented at the December 21, 2004, hearing with respect to the Petersons' co-defendants. The Court found, as it found at the close of the December 21 hearing, that the Defendants solicited funds from the Plaintiff with no intention of attempting to fulfill their contractual obligation to him, and that the Plaintiff was thereby damaged in the amount of $11,196,625.00.

Accordingly, it is

ORDERED that default judgment is rendered against Defendants Daniel Peterson and Brianna Peterson in the amount of ELEVEN MILLION ONE HUNDRED NINETY-SIX THOUSAND SIX HUNDRED TWENTY-FIVE AND NO/100 DOLLARS ($11,196,625.00) for actual damages and ONE MILLION AND NO/100 DOLLARS ($1,000,000.00) for punitive damages.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 24, 2005
Jefferson City, Missouri